IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MARTHA EVANS**                                                                   **PLAINTIFF**

**VERSUS**                                                 **CIVIL ACTION NO. 3:19-cv-318-CWR-MTP**

**NANCY A. BERRYHILL,**
*Commissioner of Social Security*                                               **DEFENDANT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Defendant's Motion to Dismiss Plaintiff's Complaint as Untimely [11]. Having carefully considered the parties' submissions, the record, and the applicable law, the undersigned recommends that the Motion [11] be granted and this matter be dismissed with prejudice.

## FACTUAL BACKGROUND

Plaintiff filed for disability insurance benefits on February 12, 2016. Mot. [11], Ex. A at 9. An Administrative Law Judge reviewed Plaintiff's claim an on April 26, 2018 and issued a decision denying her benefits. *Id*. at 3. Plaintiff requested review of the Administrative Law Judge's decision and on February 5, 2019 the Appeals Council declined to review the decision. *Id*. This final decision was mailed to Plaintiff, with a copy to her representative, on February 5, 2019. *Id*. On April 2, 2019, Plaintiff requested an extension from the Appeals Council to file a civil action in federal court. *Id*. On June 14, 2019, the Appeals Council denied Plaintiff's request for an extension of time to file a civil action. *Id*.

Plaintiff filed this action on May 6, 2019 challenging the Commissioner's decision to deny her application for social security benefits. The Court entered the Scheduling Order [3] on July 3, 2019, which directed Defendant to file an answer and a certified copy of the record within

1

90 days of service. Plaintiff filed the return of service on August 27, 2019. *See* [7], [8], [9]. The return of service reflected that Defendant was served on August 1, 2019, which made Defendant's responsive pleading due on October 30, 2019.

On October 30, 2019, Defendant filed an unopposed Motion [10] for an extension of time to file an answer or otherwise respond. The Motion [10] was granted and Defendant's answer or response was due on or before December 2, 2019. Text Only Order, October 31, 2019. Defendant filed the instant Motion to Dismiss [11] on December 2, 2019 arguing that Plaintiff did not file this civil action within 60 days of receiving a final decision from the Commissioner of Social Security. Plaintiff filed her Reply [13] noting that Defendant had 60 days to file an answer, as directed by the scheduling order. Plaintiff asserts that Defendant's motion to dismiss was not filed within that 60-day window and, therefore, Defendant waived all affirmative defenses.

On April 7, 2020, the Court advised Plaintiff that the Motion to Dismiss [11] would be converted to a motion for summary judgment as it included matters outside the pleadings. Order [15]. Accordingly, Plaintiff was provided an opportunity to supplement her response and was directed to do so on or before April 24, 2020. Plaintiff requested an extension of time to respond and was granted until May 27, 2020 to do so. Text Only Order, April 27, 2020. On May 27, 2020, Plaintiff filed her Response [17] and this matter is now ripe for review.

## ANALYSIS

### *Motion to Dismiss*

Defendant's Motion to Dismiss [11] under Rule 12(b)(1) included a 33-page exhibit and urged the Court to consider these materials in deciding the motion. Although the motion was filed under Rule 12(b)(1) as one attacking the Court's subject-matter jurisdiction, it is more

appropriately considered under Rule 12(b)(6) because it raises a statute of limitations defense. *See Brown v. Soc. Sec. Admin.*, 2019 WL 6799769, at *2-3 (E.D. La. Dec. 13, 2019); *Triplett v. Heckler*, 767 F.2d 210, 211-12 (5th Cir. 1985) ("The timeliness requirement of section 205(g) represents a statute of limitation rather than a bar to jurisdiction").[1]

When a 12(b)(6) motion contains materials outside the pleadings and the court considers those materials, the motion must be converted into one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). As the Court is being asked to consider evidence outside of the pleadings, it will view the motion as one for summary judgment. *Triplett*, 767 F.2d at 212; *see also* Fed. R. Civ. P. 12(d). Moreover, challenges to the timeliness of an action, especially when issues of equitable tolling may arise, often require the submission of additional evidence. Treating the motion as one for summary judgment and inviting supplemental submissions provides the parties with the opportunity to present additional evidence and argument for a complete record.

***Summary Judgment Standard***

"[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotations omitted). The Court must view the evidence in the light most favorable to the non-moving party. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). If the moving party meets its

---

[1] The Government's decision to present the motion as one challenging the Court's subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) is certainly not without support. *Leham v. Nakshian*, 453 U.S. 156, 160 (1981) ("[T]he United States, as sovereign, is immune from suit save as it consents to be sued… and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit"). Regardless of how one labels the motion, it presents a challenge to the timeliness of the complaint.

burden, the "nonmovant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1122 (5th Cir. 1988). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

### *Timeliness of Civil Action*

Under 42 U.S.C. § 405(g), a party must seek review of a final decision of the Commissioner of Social Security within 60 days of notice of such a decision.

> "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action *commenced within 60 days* after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court for the United States…."

42 U.S.C. § 405(g) (emphasis added). "No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except" as provided by the relevant statute. 42 U.S.C. § 405(h). Consequently, Plaintiff must have properly filed this action in accordance with 42 U.S.C. § 405 or the statute of limitation would have expired before the action was filed. *Mathews v. Eldridge*, 424 U.S. 319, 328 n.9 (1976) (holding that 60-day filing deadline is a statute of limitations issue that can be waived by the parties); *Flores v. Sullivan*, 945 F.2d 109, 113 (5th Cir. 1991); *Davis v. Comm'r of Social Sec.*, 2020 WL 1918094, at *2 (N.D. Miss. Apr. 20, 2020) ("[T]he sixty-day period set forth in § 405(g) has been held to be a statute of limitation, not a jurisdictional requirement.").

4

According to the regulations, a claimant is presumed to have received the notice of denial five days after the date of the decision.  20 C.F.R. § 422.210(c).  Thus, the deadline for filing an action is sixty-five days from the date of the Appeals Council's decision.  *See Fletcher v. Apfel*, 210 F.3d 510, 512-13 (5th Cir. 2000).

On February 5, 2019, the Appeals Council mailed its final decision to Plaintiff at the address she provided.  As Plaintiff did not receive an extension to file a civil action, the last day to file was April 11, 2019.  Plaintiff filed the instant action on May 6, 2019.  Under 42 U.S.C. § 405(g), Plaintiff's complaint is untimely.

Plaintiff argues that the statute of limitations defense has been waived by Defendant because "a motion to dismiss is not a proper answer to a complaint."  Resp. [17] at 1.  However, Defendant moved to dismiss this action under Federal Rule of Civil Procedure 12(b) which states "[a] motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."  A motion to dismiss under Rule 12(b) may be filed before the answer or responsive pleading.  *Youngblood v. Bender*, 104 F. Supp. 2d 618, 619 (E.D. La. 2000).  Therefore, Defendant properly raised the statute of limitations defense in a motion to dismiss under Rule 12(b).

Service of a Rule 12 motion alters or postpones the time for filing a responsive pleading until fourteen (14) days after notice of the Court's action on the motion.  Rule 12(a)(4)(A).  Even if the Government had waived other defenses by not raising them in its motion, it did not waive the timeliness argument it now asserts.

If a claimant does not timely file her complaint in federal court or obtain an extension of time from the Appeals Council, she still may invoke the doctrine of equitable tolling in appropriate situations.  *See Flores*, 945 F.2d at 113.  "In rare cases, courts may toll [the 60-day

5

limitations period] when 'the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate.'" *Barrs v. Sullivan*, 906 F.2d 120, 122 (5th Cir. 1990) (citation omitted). "Plaintiff must show that [she] has pursued [her] rights diligently but some extraordinary circumstances prevented [her] from bringing a timely action." *Davis-Moab v. Comm'r of Soc. Sec.*, 2019 WL 7790391, at *2 (S.D. Miss. Oct. 29, 2019) (internal quotation marks and citation omitted).

Plaintiff has not argued that any extraordinary circumstances existed that prohibited her from filing a timely appeal. She did not argue that equitable tolling applied in this instance, but only submitted that Defendant had not timely responded to the Complaint. Plaintiff also referenced a recent article published by *The Clarion Ledger*, which "highlighted that honest hardworking people can be denied [social security benefits] because of the fear of a con." Resp. [17] at 2. This, however, does not appear to relate to the facts of Plaintiff's case or demonstrate that an extraordinary circumstance prevented her from filing this action on time. In view of the record, the undersigned does not find any rare or exceptional circumstances that would justify tolling the 60-day filing period.

## RECOMMENDATION

Based on the parties' submissions and the record, the undersigned finds no genuine dispute of material fact that Plaintiff's Complaint [1] was not timely and that she is not entitled to equitable tolling. For these reasons, the undersigned recommends that the Motion to Dismiss [11] be granted and that this matter be dismissed with prejudice as untimely.

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the

recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The district judge at the time may accept, reject, or modify in whole or in part, the recommendations of the magistrate judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    THIS the 1st day of June, 2020.

                                                    s/ Michael T. Parker
                                                    United States Magistrate Judge